KAREN P. HEWITT
United States Attorney
JEFFREY D. MOORE
Assistant United States Attorney
California State Bar No. 240595
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5610
Facsimile: (619) 235-2757
Email: Jeffrey.Moore@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SHANE ALAN CALHOUN (D1),<br><br>        Defendant. | Criminal Case No. 08cr1080 JAH<br><br>Date:    August 25, 2008<br>Time:   10:30 a.m.<br>Honorable John A. Houston<br>Courtroom: 11<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S REQUEST FOR ADDITIONAL DOWNWARD ADJUSTMENTS AND DEPARTURES** |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Jeffrey D. Moore, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Sentencing Motion, which includes a request for an additional downward departure (hereinafter, "Def. Mot."), filed by Shane Alan Calhoun (hereinafter, "defendant") on July 23, 2008. This Response and Opposition is based on the files of this case and the Presentence Report (hereinafter, "PSR") of defendant.

On May 8, 2008, defendant pled guilty to Bringing In Illegal Aliens Without Presentation. Pursuant to the terms of the Plea Agreement, the United States is recommending downward adjustments and departures, including a three-level adjustment for acceptance of responsibility [USSG § 3E1.1(b)], and a two-level downward departure for fast-track early disposition [USSG § 5K3.1]. In all, the United

States is recommending an adjusted base offense level of 13, which is a total of five levels lower than this offense would otherwise warrant. Despite these downward adjustments and departures, defendant now requests additional departures, claiming an over-represented criminal history, extraordinary family circumstances, and under a combination of circumstances theory. [Def. Mot. p. 3-6.] The United States' position is that defendant's requests are ill-founded and the low-end sentence of 15 months is both necessary and appropriate in this case.

**I.**

**STATEMENT OF FACTS**

On March 22, 2008, defendant and co-defendant entered the United States from Mexico at the Otay Mesa, California, Port of Entry. [PSR p. 1.] Defendant was the driver of a Honda Civic and co-defendant was the front seat passenger. [PSR p. 1.] During an initial inspection of the car, an Officer discovered a non-factory compartment located between the back seat and the trunk. [PSR p. 1.] When the back seat was removed, the Officer discovered a female illegal alien concealed in the compartment. [PSR p. 1.] An additional search of the car uncovered a brochure underneath the front passenger seat. [PSR p. 1.] On the back of the brochure were directions from the Otay Mesa Port of Entry to a 7-11 near the "H" Street exit. [PSR p. 1.]

Post arrest, defendant denied knowledge of the concealed illegal alien and that there was no plan to smuggle an illegal alien into the United States. [PSR p. 2.] However, co-defendant stated that he and defendant met a man in Tijuana who offered to pay them $1500 for each alien smuggled into the United States. [PSR p. 2.] Co-defendant stated that he was going to split the money with defendant and that defendant was present when the smuggling arrangements were made. [PSR p. 2.]

//
//
//
//
//
//
//

**II.**

**ARGUMENT**

**A.  DEFENDANT'S CRIMINAL HISTORY IS NOT OVER-REPRESENTED, THUS A DOWNWARD DEPARTURE IS UNWARRANTED.**

Defendant has requested a departure arguing that his criminal history is over-represented because his convictions stem from alcoholism and because they occurred over six years ago. [Def. Mot. p 3-4.] Defendant has conceded that his convictions for battery on his spouse and DUI in 2002 each score one point for criminal history purposes. [Def. Mot. p 3-4.] However, defendant's claim lacks merit and should be rejected.

A defendant has the burden to show he is entitled to a downward departure. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990). A downward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1) (emphasis added). By way of explanation, the Guidelines state that this departure may be warranted if, for example, "the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Id. § 4A1.3, comment. n. 3.

Regarding defendant's alcoholism, it does not make a difference if defendant was drinking when he battered his wife. It is still a crime and still scores one point under the Guidelines. Furthermore, it goes without saying that a DUI conviction relates to alcohol- it would not be a crime without it. In addition, defendant was arrested on January 9, 2001 for battery on spouse. [PSR p. 5.] Beyond that, defendant was arrested on Mary 21, 2002 for battery. [PSR p. 5.] On both occasions, defendant was not prosecuted. [PSR p. 5.]  These arrests indicate that defendant's prior convictions were not his only brushes with the law.

Defendant's criminal history indicates that he has been committing crimes since 2002. As a result, the ten year intervening period discussed in the Guidelines is not met. USSG § 4A1.3, comment. n. 3. Looking at defendant's history, his criminal activity shows a lack of respect for the law and an unwillingness to learn from past mistakes. Furthermore, defendant's alcohol and battery

convictions coupled with the instant offense, points to recidivism and a likelihood that he will re-offend.

It is also important to note the <u>substantially</u> over-represents language in USSG § 4A1.3(b)(1) when making this inquiry. (emphasis added) If defendant's prior misdemeanor convictions are viewed as minimal or the result of alcoholism, it is clear that they were treated that way, having received only one point each under the Guidelines. The fact is, defendant's criminal history score is on line and certainly does not <u>substantially</u> over-represent his criminal history. (emphasis added)

### B.  A DOWNWARD DEPARTURE BASED ON FAMILY CIRCUMSTANCES IS UNWARRANTED.

Defendant moves the Court for a downward departure under USSG § 5H1.6 based on his extraordinary family circumstances. Defendant claims that such a departure is warranted based on his son's seizure disorder. [Def. Mot. p. 5-6] However, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG § 5H1.6. Indeed, the Ninth Circuit has explained that "the imposition of prison sentences <u>normally</u> disrupts spousal and parental relationships." <u>United States v. Berlier</u>, 948 F.2d 1093, 1096 (9th Cir. 1991) (emphasis added), <u>overruled on other grounds</u>, <u>United States v. Aguirre</u>, 214 F.3d 1122 (9th Cir. 2000). Nonetheless, departures based on family circumstances may be upheld if the factor is present "to an exceptional degree." <u>Aguirre</u>, 214 F.3d at 1127 (citation omitted) (<u>quoting</u> <u>United States v. Klimavicius-Viloria</u>, 144 F.3d 1249, 1267 (9th Cir. 1998), <u>cert. denied</u>, 528 U.S. 842 (1999)).

The Ninth Circuit has made clear that family circumstances will not typically be deemed "exceptional" unless the defendant is an irreplaceable caretaker. For example, in <u>United States v. Leon</u>, 341 F.3d 928 (9th Cir. 2003), the sentencing judge granted the downward departure and imposed a sentence including home detention where the defendant's wife, who was afflicted with renal cancer, was in legitimate danger of committing suicide if the defendant – his sole and indispensable caretaker – were incarcerated. In affirming, the Ninth Circuit noted that valid downward departures based on extraordinary family circumstances "generally involve situations where the defendant is an <u>irreplaceable</u> caretaker of children, elderly, and/or seriously ill family

1 members, and the extent of the departure appropriately serves to protect those family members from
2 the impacts of the defendant's prolonged incarceration." Id. at 931 (emphasis in original) (citations
3 omitted). Conversely, downward departures involving a "non-essential caretaker" are typically
4 unwarranted. Id. at 932.

5 As stated earlier, a departure based on family ties is permissible only if the factor is present
6 to "an exceptional degree." United States v.Aguirre, 214 F.3d 1122, 1127 (9th Cir. 2000). In
7 Aguirre, a downward departure for family circumstances was affirmed where defendant's common
8 law husband died during her incarceration leaving defendant's eight year old son without a custodial
9 parent.  See also United States v. Johnson, 964 F.2d 124 (2d Cir. 1992) (affirming downward
10 departure for defendant who was solely responsible for raising her three young children--including
11 an infant--and the young child of her institutionalized daughter).

12 However, the Ninth Circuit has denied downward departures under USSG § 5H1.6 for
13 defendants who had not established that they were an irreplaceable caretaker. See United States v.
14 Miller, 991 F.2d 552, 553 (9th Cir. 1993) (while defendant's two small children "would be placed at
15 potential risk" if defendant was incarcerated no departure was warranted because defendant was not
16 an irreplaceable caretaker) overruled on other grounds, United States v. Aguirre, 214 F.3d 1122 (9th
17 Cir. 2000); United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir. 1991) (while defendant had made
18 efforts to keep family together no departure was appropriate because defendant was not an
19 irreplaceable caretaker).

20 Here, defendant has not demonstrated that he is an "irreplaceable" caretaker for his son.
21 Defendant has been in custody since the date of his arrest (March 22, 2008), and since that time,
22 defendant's son has presumably been cared for by his mother or other family members. The fact that
23 defendant's incarceration may be damaging for his son is an inherent result of prison sentences, as
24 stated by the Ninth Circuit in Berlier, and not a proper basis for departure. The impact of
25 incarceration is not extraordinary because "all families suffer when one of their members goes to
26 prison." United States v. Shortt, 919 F.2d 1325, 1328 (8th Cir. 1990). As a result, defendant's case
27 is not exceptional and cannot support a departure under USSG § 5H1.6.
28 //

The United States does not dispute that defendant's son will feel the results of his incarceration. However, the suffering by defendant's son does not provide a basis for a downward departure because "[t]he Guidelines, right or wrong, contemplate that innocent people may suffer as a result of a defendant's incarceration." United States v. Calhoun, 49 F.3d 231, 237 (6th Cir. 1995) (affirming refusal to depart downward for mother who was sentenced to eighty-seven months in prison because the fact that defendant's fourteen-month-old "infant may suffer does not give rise to an extraordinary circumstance that should be reflected in sentencing"). The fact that defendant's son will be adversely affected by his conviction in the instant case is a direct and foreseeable consequence of his criminal conduct which defendant should have considered prior to committing the instant offense.

In addition, this is not the first time defendant has made the decision to put the well being of his son at risk. Defendant's prior conviction for battery on his spouse in 2002, as well as his arrest in 2001 for the same offense, shows a lack of care for his son by battering his mother. Furthermore, defendant's DUI conviction in 2002 also posed the risk of leaving his son without a father. But what is different about this case is that it requires prison time. As a result, defendant is now coming forward to say that his extraordinary family circumstances deserve a downward departure. For the reasons stated above, this claim lacks merit and should be rejected.

### C.  A DOWNWARD DEPARTURE BASED ON A COMBINATION OF CIRCUMSTANCES IS UNWARRANTED.

Defendant also makes a combination of circumstances request for a downward departure. [Def. Mot. p. 6] Defendant has the burden to show that he is entitled to a downward departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir. 1992). In the appropriate case, "a unique combination of factors" may constitute appropriate grounds for a downward departure. United States v. Cook, 938 F.2d 149, 152-53 (9th Cir. 1991); U.S.S.G. § 5K2.0(c). A downward departure based on multiple circumstances that are independently insufficient to warrant departure is only permitted if the combined factors or circumstances (1) make the case an "exceptional one," (2) "are present to a substantial degree," and (3) are "identified in the guidelines as a permissible ground for

departure, even if . . . not ordinarily relevant to a determination of whether a departure is warranted." USSG § 5K2.0(c). A downward departure may be granted only if the factor is sufficient to "take the case out of the Guideline's heartland" while "bear[ing] in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be 'highly infrequent.'" United States v. Cubillos, 91 F.3d 1342, 1343 (9th Cir. 1996) (quoting Koon v. United States, 518 U.S. 81, 96 (1996)) (superceded by statute on other grounds in Rita v. United States, 127 S. Ct. 2456, 2471 (2007))

The instant case contains none of the aforementioned factors which would "take the case out of the Guideline's heartland." Defendant attempted to smuggle an illegal alien into the United States with the co-defendant for financial reasons. [PSR p. 2] This type of case is in no way exceptional or unique. In fact, it is incredibly common in this District.

### III.

### CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny defendant's requests for departures and sentence him in accordance with the Plea Agreement and the United States' Sentencing Summary Chart.

DATED: August 1, 2008

>
> Respectfully submitted,
> KAREN P. HEWITT
> United States Attorney
>
> /s/ *Jeff Moore*
> JEFFREY D. MOORE
> Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr1080 JAH |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| SHANE ALAN CALHOUN (D1), | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Jeffrey D. Moore, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S REQUEST FOR ADDITIONAL DOWNWARD ADJUSTMENTS AND DEPARTURES**, dated August 1, 2008, and this Certificate of Service, dated August 1, 2008, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

> Brian J. White
> 4320 Iowa Street
> San Diego, California 92104
> Tel: (619) 280.8022

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2008.

> /s/ *Jeff Moore*
> JEFFREY D. MOORE
> Assistant United States Attorney